IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE:   ETHICON, INC.,
         PELVIC REPAIR SYSTEM
         PRODUCTS LIABILITY LITIGATION                MDL No. 2327

---

THIS DOCUMENT RELATES TO:

*Ana Sierra, et al. v. Ethicon, Inc., et al.*                Civil Action No. 2:12-cv-01819

ORDER
(Defendants' Motion for Protective Order / Motion to Quash Plaintiff's Subpoena *Ad Testificandum* and *Duces Tecum* to Dr. Roger McClendon, M.D.)

Pending before the court is Ethicon, Inc. and Johnson & Johnson's (collectively "Ethicon") Motion for Protective Order / Motion to Quash Plaintiff's Subpoena *Ad Testificandum* and *Duces Tecum* to Dr. Roger McClendon, M.D. [ECF No. 68]. The plaintiffs filed a Response [ECF No. 70], and Ethicon filed a Reply [ECF No. 77].

Pursuant to Pretrial Order No. 206 [ECF No. 15] ("PTO"), discovery closed on July 1, 2016. PTO No. 206 at 1. On July 15, 2016, the plaintiffs gave notice of the issuance of a subpoena *ad testificandum* and *duces tecum* regarding Dr. McClendon. *See* Notice of Issuance of Subpoena [ECF No. 68-1]. Thus, the subpoena was clearly issued after the close of discovery.

The court is not persuaded by the plaintiffs' argument that their subpoena should be enforced because Ethicon was late to disclose Dr. McClendon. Dr. McClendon is not a testifying witness in this case. Mot. 2. Pursuant to Rule 26(a) of the Federal Rules of Civil Procedure, "a party must disclose to the other parties the

identity of any witnesses it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2)(A). Thus, Ethicon had no duty to disclose Dr. McClendon as an expert witness because he will not "present evidence" at trial. *See* Fed. R. Civ. P. 26(a)(2)(A).

Instead of testifying, Dr. McClendon "prepared a report which was relied upon by Dr. Juan Felix (Ethicon's testifying pathologist) and which was served as an attachment to Dr. Felix's report." *Id.* The parties agreed to extend disclosure deadlines for their respective pathologists by two weeks, making June 17, 2016, the agreed-upon disclosure deadline for Ethicon's expert witnesses. *See* Email from Steven Davis, TorHoerman Law, LLC, to Andy Snowden, Butler Snow, LLP (April 28, 2016) [ECF No. 77-3]; *see also* PTO No. 206 (establishing June 3, 2016, as the deadline for Ethicon to disclose its expert witnesses). Ethicon disclosed Dr. Felix on June 17, 2016, and Dr. Felix's expert report included Dr. McClendon's report as reliance material. The plaintiffs had two weeks to depose Dr. McClendon, and the plaintiffs did not file a motion requesting additional time to do so.

The court **FINDS** that the plaintiffs violated PTO No. 206 by issuing the subpoena to Dr. McClendon after the close of discovery. Accordingly, the court **ORDERS** that Ethicon's Motion for Protective Order / Motion to Quash Plaintiff's Subpoena *Ad Testificandum* and *Duces Tecum* to Dr. Roger McClendon, M.D. [ECF No. 68] is **GRANTED,** and the subpoena is **QUASHED**.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: September 7, 2016

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE